Dillon, J.
The relator alleges that the county board of budget commissioners, acting pursuant to the provisions of Section 5649-3a of the General Code of Ohio (102 O. L., 266), corrected and re *121 dueed. the budget as presented by the said village, striking from said budget the amount of $1,501.94, all of which is necessary for the needs of the said village. The relator submitted its annual budget setting forth in itemized form its estimate for the monies needed for the incoming year; and in order to make appropriations for each of the several objects for which money had to be provided from the monies known to be in the treasury, from the collection of taxes, and all other sources of revenue, and all expenditures within the following six months, and to • provide for the payments of the amounts of money necessary to carry out the terms of contracts made and entered into by and between the relator and others prior to June 1st, 1911, it was compelled to and did provide in said budget for a levy on the taxable property of the corporation of a sufficient number of mills to provide the sum of $3,800. The petition further alleges that the defendant in examining the budget claimed to have found that this levy and rate of taxation exceeds the authorized amount which may be levied by the relator and so decreased the said tax rate, striking from the budget the said sum of $1,501.94, and re-adjusting the balance, to-wit, $2,298.06, to the various needs of the village.
The plaintiff says that the act, 102 O. L., 266, commonly known as the Smith one per cent, law, thus limiting the said village to a one per cent, tax rate, is invalid and unconstitutional in so far as its strict enforcement in this case would impair the obligations of two contracts made and entered into by said village prior to the enactment of said law. It is further claimed that the said law is invalid in that it also violates Section 26 of Article II of the Ohio Constitution, in that it is not of uniform operation throughout the state.
The defendants’ answer, in substance, alleges that the said village will have a sufficient amount of money to carry on its needs under the tax rate as fixed, and that they gave the relator a hearing and carefully went over all the items of necessary expenses for the running of said village, and that the amount which they fixed is just and ample to meet all its needs, when taken into consideration with other funds which the said village has or will have at its disposal.
*122 The answer also alleges that at the hearing the said relator failed to avail itself of its right to inform the budget commission of the facts desired by it, and that, although it appeared by its regular counsel, it refused to make any suggestions or to assist the budget commissioners.
A great many of the different items are set forth in the answer justifying the action of the budget commission' in detail. A denial of some of these items is made in the reply.
It is sought in this case to have the court render an opinion as to whether or not the so-called Smith one per cent, law can constitutionally apply in a case where a municipality has previously to the enactment of said law entered into valid contracts, which said contracts would be impaired by the enforcement of said law as to them. The question is most interesting and it is highly probable that the decisions of the courts will sustain the contention of the relator upon that naked legal proposition. It must be conceded that a contract may be impaired by limitation of taxation power, and even be destroyed, and therefore, the constitutional guaranty in all probability protects such contracts as were made in good faith prior to the enactment of such law. But I do not consider this question involved in this case.
The two contracts referred to are as follows:
One, employing legal counsel pursuant to the provisions of Section 205 of the Municipal Code, amounting to $300 per year; and one'for sewer expense amounting to $300.
It will be noted that the parties to these contracts themselves are not complaining here, and it is doubtful whether or not at this present time the contracts could be impaired, even if it be assumed that there will be such a deficiency in revenue as will not meet them. A mere possibility of impairment and a mere possibility of delay in payment does not necessarily constitute an impairment, such as should interfere with the taxing power; but in this case the budget commission, acting pursuant to said Section 5649-3a and following sections, had a function to perform, just as much as did the village itself. This law lodges in this county budget commission the express power of adjusting the various amounts to be raised so that the total amount thereof shall not exceed in any taxing district the sum authorized to *123 be levied by law. This budget commission has power to revise and change the estimates, and reduce any or all the items submitted to it.
This court,, therefore, will not substitute its discretion for that of the budget commission, unless it clearly appears that its discretion has been abused. It does not so clearly appear in this ease. Agreeably to the well settled maxim of law, this court will presume in favor of the correctness and legality of the proceedings of this budget commission. The court is left in considerable doubt in this case as to some of the facts. The burden is-upon the relator to show clearly to this court that the actual necessity exists which it claims exists. So far as the evidence in this case shows, it is simply a disagreement — a difference in judgment — between the two as to the needs of the village.
Again, the village had an opportunity to be heard after the budget commission had charge of the case, and relator failed to avail itself of any additional facts other than what had already been presented to the said commission.
There is a dispute between the parties as to some of the needs of the village, as well as to some of the sources of income which the village will have. The court will again adopt the finding of the budget commission in whom is lodged the power to decide in such ease.
So far as the village itself is concerned, it must, like all other municipalities and all other individuals as well, live within its means, and I can not find in this case that there is any ground for the court to interfere with the action of the budget commission.
Judgment, therefore, will be rendered accordingly.